UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHEED HARGROVE, : | |
| : | Civil Action No. 04-2992 (PGS) |
| Petitioner : | |
| : | **MEMORANDUM AND ORDER** |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

This matter comes before the Court on Petitioner's, Rasheed Hargrove's ("Hargrove"), motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

I.

Rasheed Hargrove was a leader of the Crips street gang who on June 28, 2002 was convicted by a jury of conspiracy to distribute and distribution of heroin and crack cocaine. At trial, there was testimony that Hargrove and others allegedly believed that a female victim had stolen their drugs, and as a result they had beaten and held the victim's face against a hot radiator long enough to impress a permanent scar. On November 13, 2002, the District Court (Hon. Alfred M. Wolin) sentenced Petitioner to life imprisonment, as well as two concurrent 240-month sentences. The Third Circuit affirmed the convictions of Hargrove and co-defendant Eric Johnson on February 17, 2004 (*United States v. Johnson*, 89 Fed. Appx. 781 (3d Cir. 2004). Thereafter, Hargrove filed a petition for rehearing and rehearing *en banc* that was denied on March 15, 2004. The Hon. Louis H. Pollak, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation, dissented to the majority's affirming the sentence of Hargrove. Judge Pollak believed that

Petitioner should be tried again because government counsel was "gravely in error" for asserting in his closing argument that Hargrove sold drugs to undercover agents four times, even though the government had only presented evidence that he had done so three times. 89 Fed. Appx.781 at 6-7.

On March 16, 2004, Mr. Mautone ("Mautone"), Hargrove's attorney, wrote to Hargrove advising Hargrove to retain a new attorney. Mautone directed "I suggest you obtain other counsel immediately to assist you in perfecting your motion and to proceed with your *en banc* hearing application."

On March 18, 2004, Hargrove requested that Mautone file a petition for a Writ of Certiorari (Writ) to the U.S. Supreme Court. Counsel had about 90 days from March 15, 2004 to file a Writ (June 14, 2009). Mautone never filed a Writ, but rather, on May 25, 2004, he filed a motion with the Third Circuit to withdraw as court-appointed counsel. An attached affidavit explained that he informed Hargrove that he knew of no reason for the granting of a Writ. The affidavit further explained that Hargrove had advised Mautone of his desire to move to vacate his sentence alleging Mautone rendered ineffective assistance of counsel, which, in Mautone's view, prevented him from effectively representing his client. By Order dated June 9, 2004, the Third Circuit granted Mautone's motion to withdraw. The Order advised Hargrove that under the Criminal Justice Act, counsel was not obligated to file a Writ and that if Hargrove wanted to pursue a Writ, he must do so *pro se*. The Order stated:

> The foregoing motion by Dennis M. Mautone, Esquire, to withdraw as counsel for Appellant is GRANTED. Appellant is hereby advised that under the Criminal Justice Act counsel is not obligated to file a petition for writ of certiorari in the United States Supreme Court. See, LAR 109.2(b). If appellant wishes to pursue this avenue, he must do so pro se. Counsel shall timely send a copy of this order to appellant.

A Writ was never filed.

Petitioner subsequently brought his first motion under § 2255 to the District Court. In his first amended petition, filed June 24, 2004, Petitioner claimed that he was denied effective assistance of counsel because counsel did not file a Writ to the Supreme Court. However, on July 16, 2004, Petitioner moved before this Court for leave to amend this first amended petition in its entirety and to replace it with a second amended petition. The Court granted Petitioner's motion and on July 26, 2004, Hargrove filed a second amended petition that did not restate the claim from his first amended petition but instead alleged that he was denied effective assistance of counsel because (1) his appellate counsel should have challenged his conviction on the quantity of heroin, as opposed to the quantity of cocaine, and (2) his trial counsel failed to advise him of the strength of the government's case against Petitioner when discussing whether he should plead guilty or proceed to trial (as Petitioner chose to do). A November 8, 2004 letter order from the Court confirmed that it would only consider the two claims brought in Petitioner's second amended petition. On July 27, 2006, the Hon. William G. Bassler denied Petitioner's motion to vacate.

On August 11, 2006, Petitioner filed a motion for reconsideration under Fed. R. Civ. P. 59(e) re-asserting the two claims from his second amended § 2255 petition only. On February 20, 2007, Petitioner moved for appointment of pro bono counsel and also revived his claim that he received ineffective assistance of counsel because a Writ of Certiorari to the Supreme Court was never filed. On May 8, 2007, the Magistrate Judge granted Petitioner's request for pro bono counsel and granted Petitioner leave to re-file a § 2255 petition on the basis that Hargrove was given inadequate time to file a Writ. On September 10, 2007 the Court appointed Catherine M. Brown as pro bono counsel for Petitioner, and on August 28, 2008, an amended motion to vacate was filed

3

seeking relief due to ineffective assistance of counsel for not filing a Writ, as well as the two claims previously denied by Judge Bassler. This motion is now before this Court.

II.

Section 2255 provides relief to a federal prisoner seeking release from incarceration on any one of the following grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence, (3) the sentence exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. A petition for habeas relief under § 2255 will be granted "only if the sentence results in a 'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Cannistraro*, 734 F. Supp. 1110, 1119 (D.N.J. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 27 (1962)).

Petitioner asserts three separate causes for relief, all three assert ineffective assistance counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court discussed the standard for ineffective counsel. The Supreme Court held that the defendant must satisfy two requirements. First, the defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Second, the defendant must show that "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair reliable trial". *Id.* at 687.[1]

III.

We will first consider Petitioner's request for reconsideration of the July 27, 2006 order,

---

[1] *See Hargrove v. U.S.*, No. 04-cv-2992, 2006 WL 2096078, at \*\* 2-3 (D.N.J. July 27, 2006).

4

wherein Judge Bassler denied Petitioner's motion to vacate, set aside, or correct his sentence under § 2255 due to ineffective assistance of counsel. Again, Petitioner's two arguments are first, that his appellate counsel should have challenged his conviction on the quantity of heroin, not just the quantity of cocaine, and second, that his trial counsel failed to advise him of the strength of the government's case against Petitioner when they discussed whether he should plead guilty or proceed to trial.

As for Petitioner's first argument, ineffective assistance of appellate counsel, Judge Bassler found that Hargrove produced no evidence that shows his lawyer did not use a reasonable professional judgment in choosing not to challenge the quantity of heroin. Further, Hargrove failed to show that but for the alleged error of counsel, the results of the proceeding would have been different. As for Petitioner's second argument, ineffective assistance of trial counsel, Judge Bassler found that Hargrove failed to produce any evidence suggesting that counsel was deficient or acted without reasonable judgment. The Court's previous reasoning is sound, and Petitioner's subsequent briefing simply restates arguments already rejected by Judge Bassler. Reconsideration of a judgment is an "extraordinary remedy," and such motions should be granted "sparingly." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quotation omitted). In viewing Judge Bassler's ruling there is no reason to invoke the extraordinary remedy of reconsideration. Motion denied.

Next the Petitioner argues that he received ineffective assistance of counsel because Mautone failed to file a petition for a Writ of Certiorari with the Supreme Court. Despite the failure to file, Petitioner cannot show that counsel's performance was ineffective. Counsel timely sought to withdraw from the matter as he was characterized as ineffective counsel by Hargrove, and because he reasonably opined that the Supreme Court would not grant such Writ. It is noteworthy that the

Third Circuit granted withdrawal, advising, "[C]ounsel is not obligated to file a petition for writ of certiorari in the United States Supreme Court . . . . If [Hargrove] wishes to pursue this avenue, he must do so pro se. Counsel shall timely send a copy of this order to [Hargrove]." Counsel reasonably followed the Third Circuit's instructions going forward. Counsel's actions do not rise to the level of ineffective assistance.

Although the Third Circuit's order was published only days before Petitioner's deadline for petitioning for a Writ. Mautone advised Hargrove on May 21, 2004 that the Supreme Court would not grant said Writ. Petitioner thus knew that Mautone was declining to act; and as of that date Hargrove should have prepared his own Writ. In this case, Mautone gave reasonable notice that he would not proceed to file the Writ on May 21, 2004. It is unreasonable that a lawyer being accused of being ineffective counsel would proceed any further with a case unless ordered to do so by the Court. By charging that Mautone was ineffective, Hargrove is voiding the lawyer - client relationship going forward unless the court rejects the withdrawal.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the standard for ineffective counsel. That is, the defendant must show that counsel (1) "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" or (2) demonstrate that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Here there is no probability that Mautone acted ineffectively with regard to filing the Writ.

In addition to the holding above, there is another ground for dismissal. Petitioner has no

constitutional right to effective assistance of counsel in petitioning for a Writ of certiorari. "In the absence of a constitutional right to the effective assistance of counsel [a petitioner's] § 2255 claim for ineffective assistance cannot succeed." *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2000). Petitioner's appeal to the Supreme Court is discretionary (*see* 28 U.S.C. § 1254). *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). The Supreme Court held that in a discretionary appeal, the appellant has no constitutional right to counsel, and thus cannot be deprived of effective assistance of counsel by his attorney's failure to file a timely application. *Accord*, *Pennsylvania v. Finley*, 581 U.S. 551, 555 (1987). *Steele*, 518 F.3d at 988. Since Hargrove has no constitutional right to effective assistance of counsel in his appeal to the Supreme Court, he has no standing to bring this claim.

Petitioner relies on *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000), which held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe* involved an immediate appeal of defendant's conviction and sentence. Such an appeal as in *Roe* is guaranteed; but here the failure to file a Writ is not.

## ORDER

For the reasons set forth above;

IT IS on this 10th day of May, 2010

ORDERED THAT the motion to reconsider Judge Bassler's decision is denied, and the motion to find Mautone as ineffective counsel is denied. The case is closed.

*s/Peter G. Sheridan, U.S.D.J.*
PETER G. SHERIDAN, U.S.D.J.